Jorge Gallegos CERVANTES, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73411.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.\*

Decided Aug. 2, 2006.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Jorge Gallegos Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Cervantes failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

Cervantes's contention that the BIA's hardship determination violated his due process rights does not state a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."). Moreover, the IJ's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

Contrary to the petitioners' contention, the agency's interpretation of the hardship standard falls within the broad range authorized by the statute. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1004–1006 (9th Cir.2003).

We reject Cervantes's contention that the IJ violated due process by denying a continuance because Cervantes failed to demonstrate that additional time to prepare his case would have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted) (requiring prejudice to prevail on a due process challenge).

We do not consider Cervantes's contention regarding physical presence because his failure to establish hardship is dispositive.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

We lack jurisdiction to review the BIA's discretionary denial of Cervantes's request for voluntary departure. *See* 8 U.S.C. § 1229c(f); *Oropeza–Wong v. Gonzales,* 406 F.3d 1135, 1141 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**